**SO ORDERED.**

**SIGNED this 12 day of January, 2011.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| MICHELE BOUCHARD, | CASE NUMBER: 09-06110-8-RDD |
| **DEBTOR** | |

| | |
|---|---|
| JOSEPH N. CALLAWAY, TRUSTEE, | ADVERSARY PROCEEDING NUMBER: 09-00223-8-RDD |
| **Plaintiff** | |
| v. | |
| JAMES J. NOVELLI, | |
| **Defendant** | |

### ORDER DENYING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

Pending before the Court is the Motion for Summary Judgment and the accompanying Memorandum of Law filed by Joseph N. Callaway (the "Chapter 7 Trustee") on October 29, 2010 (the "Motion") and the Objection to Motion for Summary Judgment filed by James J. Novelli (the

"Defendant") on November 16, 2010 (the "Objection"). The Court conducted a hearing on December 9, 2010 in Wilson, North Carolina to consider the Motion and the Objection.[1]

## JURISDICTION

Subject matter jurisdiction and jurisdiction over the parties exists pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference of the United States District Court for the Eastern District of North Carolina dated August 3, 1984.

This matter is a core proceeding as set forth in Section 157(b)(2) of Title 28 of the United States Code.

## STANDARD FOR SUMMARY JUDGMENT

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the non-moving party. *United*

---

[1] At the hearing, counsel for the Chapter 7 Trustee objected to the Defendant's Objection on the basis that the Objection did not comply with Local Rule 7007-1. Rule 7007-1 states "[a]ny party may file a written response to any motion within 21 days after service of the motion in question unless otherwise ordered by the court or prescribed by the applicable rules of bankruptcy procedure. The response may be a memorandum and may be accompanied by affidavits or other supporting documents. When the response is not a memorandum, the written response shall be accompanied by a supporting memorandum. In the event no response is filed, the court may proceed to rule on the motion." E.D.N.C. LBR 7007-1. While the Defendant did not submit a memorandum along with his Objection or supporting affidavits, the Court need not consider the argument, as it can reach its decision on summary judgment irrespective of the Defendant's written response. The Federal Rules of Civil Procedure state that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a). Therefore, the Court need not consider the nonmovant's response, because the movant has not carried its burden of properly making and supporting its Motion for Summary Judgment.

*States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). If there is no genuine issue of material fact, and the issue to be decided is a matter of law, a ruling on a motion for summary judgment is appropriate. However, if there are genuine issues of material fact, then summary judgment is not appropriate

## **FACTUAL HISTORY**

Michele E. Bouchard (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on July 23, 2009. The Debtor was the sole owner of certain real estate located at 320 Wax Myrtle Trail, Southern Shores, North Carolina (the "Southern Shores Property") by deed from Bruce and Helen Barackman on June 29, 2005, as recorded in Book 1646, Page 314 of the Dare County Registry. On December 7, 2007, within two years prior to the commencement of the Debtor's Chapter 7 bankruptcy, the Debtor transferred a one-half interest in the Southern Shores Property to the Defendant by way of delivery and recordation of an indenture, in Book 1751, Page 248 of the Dare County Registry. This transfer created a tenancy in common between the Debtor and the Defendant. On June 13, 2008, the Debtor secured a deed of trust on the Southern Shores Property in the principal amount of $661,793.28. The deed of trust only conveyed the Debtor's title to the one-half interest in the Southern Shores Property. The Defendant did not sign the deed of trust and the Defendant currently holds a one-half interest in the Southern Shores Property.

On February 25, 2008, the Debtor and the Defendant sold jointly owned property located at 200 Haights Hill Road, Stanford, New York (the "New York Property") in a cash sale generating a net profit of $106,611.60. The Debtor was entitled to one-half of the profits from the cash sale. However the Trustee maintains that the Debtor received nothing from the sale, and all of the profits were paid to the Defendant.

The Chapter 7 Trustee initiated this adversary proceeding against the Defendant on October 8, 2009. The Trustee sought in his complaint to avoid and recover certain alleged fraudulent transfers

made by the Debtor and the Defendant pursuant to 11 U.S.C. § 548 and for turnover of the transfers to the bankruptcy estate pursuant to 11 U.S.C. § 550, and alternatively pursuant to Chapter 39 of the North Carolina General Statutes, made applicable through 11 U.S.C. § 544.

On October 29, 2010, the Trustee filed this Motion for Summary Judgment.  The sole issue presented by the Trustee's Motion for Summary Judgment is whether the transfer of the one-half interest in the Southern Shores Property is fraudulent, and therefore avoidable by the Trustee pursuant to 11 U.S.C. §548(a)(1)(B).  In the pending motion, the Trustee is not pursuing the cash sale of the jointly owned New York Property, or the Trustee's alternative claims for relief under state law.

## **DISCUSSION**

The Chapter 7 Trustee seeks to avoid the transfer of the one-half interest in the Southern Shores Property pursuant to §548(a)(1)(B), thereby setting aside the transfer of the Defendant's one-half interest.   Section 548 provides in part, that:

> (a)(1) The trustee may avoid any transfer . . . of an interest of the debtor in property, or any obligation incurred . . . by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily. . . (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation . . . [.]

11 U.S.C. § 548.

The parties agree that on December 7, 2007, within two years prior to the commencement of the Debtor's Chapter 7 bankruptcy, the Debtor transferred to the Defendant, a one-half interest in the Southern Shores Property, constituting a transfer of an interest in the Debtor's property under 11 U.S.C. § 548.

The Defendant argues however, that genuine issues of material fact exist with respect to: (1) whether the Debtor was  insolvent on the date of the transfer, or became insolvent as a result of such

4

transfer, and (2) whether the Debtor "received less than a reasonably equivalent value in exchange for such transfer or obligation."

The ability of the trustee to avoid a transfer under § 548(a)(1)(B), is contingent upon whether the debtor was insolvent on the date that such transfer was made. Section 101(32)(A) of the Bankruptcy Code, defines a debtor as insolvent when "the sum of [the debtor's] debts is greater than all of [the debtor's] property, at a fair valuation . . . ." 11 U.S.C. §101(32)(A).

The Trustee asserts that the Debtor's bankruptcy petition establishes a *prima facie* case for the Debtor's insolvency. More specifically, the Trustee relies on the Debtor's summary of schedules and concludes that the Debtor's liabilities nearly double her assets. The schedules list assets totaling $1,052,539.00, and liabilities of $1,984,955.32. Schedule D lists a real estate debt totaling $894,000.00[2], which was incurred in 2005 on real estate owned by the Debtor in Currituck County. Additionally, in 2008 the Debtor was advanced funds by Finch & Co. Inc. in excess of $600,000.00 to construct a home on the Southern Shores Property, subsequently causing the Debtor to execute a promissory note and therefore incur even more debt. The Trustee argues, that based on these figures, at the time of the transfer on December 7, 2007, the Debtor's assets were significantly less than the amount of debt incurred by the Debtor.

The Defendant contends there are genuine issues of material fact with respect to whether the Debtor was insolvent at the time of the transfer. At the hearing, the Defendant presented an Insolvency Analysis, based on the Debtor's schedules, which detailed the assets and the liabilities of the Debtor prior to the transfer of the one-half interest. More specifically, the Insolvency

---

[2]On Schedule A, the Debtor listed this debt owed in the amount of $804,740.00. However, on Schedule D, the debt is listed owed in the amount of $894,000.00. The creditor Countrywide Home Loans has not filed a Proof of Claim, so the exact amount of the claim has not been determined.

5

Analysis divided each of the Debtor's debts, as listed on the Debtor's Schedule D, Schedule E and Schedule F, into debts incurred pre-transfer, debts incurred post-transfer, duplicate debts, disputed debts and debts where it was unable to ascertain the date incurred.  Based on the Insolvency Analysis, the Defendant concluded that the sum of the Debtor's assets, not including unsupported or unliquidated claims, at the time of the transfer totaled at least $1,033,224.00 and the sum of the Debtor's liabilities at the time of the transfer totaled$1,016,958.77 leaving the Debtor with at least $16,000.00 in equity at the time of the transfer.

The value of the Debtor's assets on December 7, 2007 is arguably greater than on date of petition of July 23, 2009.  Valuation is most all times a genuine issue of material fact. 11 U.S.C. § 506(a) (stating that in bankruptcy, property valuations are "determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use."); *In re Vitreous Steel Products Company*, 911 F.2d 1223, 1232 (7th Cir. 1990) (noting that when valuing real estate valuation is a question of fact); *In re Westpointe, L.P.*, 234 B.R. 431, 437 (Bankr. E.D.Mo.  1999) (citing *In re Da-Sota Elevator Co.*, 939 F.2d 654, 657 (8th Cir. 1991); *In re Muncrief*, 900 F.2d 1220, 1223 (8th Cir. 1990)) (stating that valuation of an estate's assets is a question of fact, and finding that a debtor is insolvent is subject to the clearly erroneous standard of review).

Viewing all of the facts and all of the reasonable inferences in the light most favorable to the Defendant, the Court finds there are genuine issues of material fact regarding the element of insolvency.  The Defendant argued sufficient facts based on the information contained in the petition, on which the plaintiff relies, so as to create genuine issues of material facts with respect to the Debtor's insolvency at the time of the transfer.

Additionally, to avoid a transfer under § 548(a)(1)(B), the debtor must have received less than a reasonably equivalent value in exchange for such transfer or obligation. In *Harden v. Niemchak (In re Wingen)*, the chapter 7 trustee moved for summary judgment, on his adversary proceeding, to avoid the debtor's transfer of a one-half interest in a beach house to the defendant. Adversary Proceeding No. 09-00013-8-JRL, 2009 WL 3381555, at *2 (Bankr. E.D.N.C. Oct. 16, 2009). In its discussion, the Bankruptcy Court for the Eastern District of North Carolina addressed whether the debtor received a reasonably equivalent value in exchange for the transfer of the one-half interest in the property from the debtor to the defendant. *Id.* at 3. In *Niemchak*, the defendant failed to provide "any documentation of consideration transferred from the [d]efendant to the [d]ebtor." *Id.* The defendant's failure to produce documentation required the court to "rely on the [d]efendant's explanation as to what, if any, reasonably equivalent value the [d]ebtor received as a part of the transaction." *Id.* The defendant alleged the reasonably equivalent value came in part from the satisfaction of a previous debt. *Id.* The court, however, found this statement to be unpersuasive and noted that there was nothing in the record to link the defendant's antecedent payments to the transfer of the one-half interest. *Id.*

Further, the court stated that "[f]or the transfer to be unavoidable, under § 548(a)(1)(B), the [d]ebtor must have received at least a reasonably equivalent value '*in exchange*' for the transfer" and the date for determining reasonable equivalence is the date of the transfer. *Id.* (citing *In re Morris Communications N.C., Inc.*, 914 F.2d 458 (4th Cir. 1990). The court stated the "[defendant's] self-serving statement, absent any corroborating documentation, that the [d]ebtor's transfer of a one-half interest satisfied antecedent debts does not provide sufficient evidence of an exchange at the time of the transfer." *Id.* The court thereby, found that the debtor did not receive any reasonably equivalent value for the transfer of the one-half interest and allowed the trustee to avoid the transfer. *Id.* at 4.

Here, the transfer of the one-half interest in the Southern Shores Property did not include any documentation of consideration transferred from the Defendant to the Debtor. Further, the face of the deed transferring the one-half interest in the Southern Shores Property to the Defendant did not include revenue stamps. The Trustee made multiple requests of the Defendant to provide documentation establishing some sort of value paid for the Southern Shores Property. However, the Defendant failed to provide any such evidence. "As a result, the court must rely on the Defendant's explanation as to what, if any, reasonably equivalent value the Debtor received as a part of the transaction." *Niemchak*, at *3.

At the hearing, the attorney for the Defendant represented that the reasonably equivalent value came from the satisfaction of an antecedent debt to the Defendant. However, the Defendant did not submit an affidavit in support of the representation. There is nothing in the record substantiating this representation. Without corroborating documentation, the Defendant's "self-serving statement" does not provide "sufficient evidence of an exchange *at the time of transfer*." *Niemchak*, at *3 (Bankr. E.D.N.C. Oct. 16 2009) (emphasis added). Therefore, the Court finds that the Debtor did not receive any reasonably equivalent value for the one-half interest in the Southern Shores Property. Therefore, no genuine issues of material fact remain with regard to whether the Debtor received less than a reasonably equivalent value in exchange for the transfer.

Because the Court finds a genuine issue of material fact with respect to whether the Debtor was insolvent on the date of transfer, or became insolvent as a result of such transfer, the Trustee's Motion for Summary Judgment is **DENIED** with respect to § 548(a)(1)(B)(ii)(I).

However, there are no genuine issues of material fact with respect to whether the Debtor on December 7, 2007, within two years prior to the commencement of the Debtor's Chapter 7 bankruptcy, transferred to the Defendant, a one-half interest in the Southern Shores Property,

constituting a transfer of an interest in the Debtor's property under  11 U.S.C. § 548(a)(1). With respect to whether the Debtor received less than a reasonably equivalent value in exchange for such transfer, there is no genuine issue of material fact under 11 U.S.C. § 548(a)(1)(B)(i). Facts on these two elements are established as a matter of law. Therefore, the only remaining issue for trial is whether the Debtor was insolvent on the date such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer.[3]

**SO ORDERED**

**END OF DOCUMENT**

---

[3] Rule 56 of the Federal Rules of Civil Procedure states "[i]f the court does not grant all the relief requested by the motion, it may enter an order stating any material fact . . . that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g).